In the matter of James V. Gilloon. H. A. Forstor, for appellant. L. W. Stotesburg, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

GIVENS, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 4, 1904.) Action by Christopher Givens against the Brooklyn Heights Railroad Company. No opinion. Order setting aside verdict and granting new trial affirmed, with costs of this appeal to abide the event of the action.

GLENNON, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 7, 1904.) Action by Ann Glennon, as administratrix, etc., of Richard Glennon, deceased, against the Erie Railroad Company. No opinion. Motion denied.

GMAEHLE v. ROSENBERG et al. (Supreme Court, Appellate Division, First Department. February 11, 1904.) Action by ˙Charles Gmaehle, as administrator, against Morris Rosenberg and another. No opinion. Motion granted.

GOLDMAN et al., Respondents, v. ROCCA, City Marshal, Appellant. (Supreme Court, Appellate Term. February 4, 1904.) Action by David Goldman and another against Luigi A. Rocca, as one of the marshals of the city of New York. From a judgment of the Municipal Court for plaintiffs, defendant appeals. Affirmed. Fulton McMahon (Henry C. De Witt, of counsel), for appellant. Stanislaus N. Tuckman, for respondents.

DAVIS, J. This action was brought by the plaintiffs against the defendant to recover damages for defendant's neglect of duty as a marshal in failing to properly levy and collect under an execution issued to him in an action in the Municipal Court of the city of New York, First judicial district. The judgment was rendered, after hearing, on conflicting testimony as to matters of fact, and there appears no good reason upon the record to reverse it. Judgment affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). On Saturday, May 16, 1903, the plaintiffs, through their attorney, Mr. Tuckman, issued execution for $194.50 against one Herman Rosenberg to the defendant, a city marshal, who the same day levied upon goods amply sufficient to satisfy the execution, and received $50 on account, with promise of payment in full from the judgment debtor on Monday. On Monday, however, the marshal was stayed by the filing and service of an undertaking, approved by a justice, with a notice of appeal. To the sufficiency of the sureties the attorney excepted, and nothing more till the 25th, when he wrote the marshal that the sureties had failed to appear and justify, and requested him to make a levy the following day. Even had the stay been lifted, which it was not by mere failure of appearance and justification of the sureties, the following day was too late, as in the mean season, while the plaintiffs' attorney let the stay hinder the defendant, another marshal came in under other process and sold the goods. In fact, the plaintiffs' attorney let the stay bide until July 7th, when it was vacated by order upon his affidavit. Now the plaintiffs ˙have a judgment against the defendant as for his neglect, to which they are not entitled, and which should be reversed. The marshal did no wrong in not breaking up the debtor's place on Saturday, if he was willing to run the risk of nonremoval of the goods till˙ Monday. On Monday his hands were tied, and the lawyer let them stay so until long after the marshal could do anything. Were it a point now to be considered, which it is not, upon Mr. Tuckman's statement in his affidavit for the vacation of the stay and as a witness upon the trial of this cause, there is enough to show that after the levy the lawyer gave directions to the marshal, which on the one hand were oppressive and erroneous, and on the other went to releasing the defendant. Whether the marshal put in a keeper, or the keeper was temporarily absent, is immaterial herein, excepting as to the taxation of due disbursements, since it is undisputed that the levy was good, and the property levied upon was ample, when the marshal was stayed, and kept stayed. The judgment should have been the other way, and now should be reversed.

GOTTSCHALK, Respondent, v. JUNGMANN et al., Appellants. (Supreme Court, Appellate Division, First Department. February 5, 1904.) Action by Louise Gottschalk against Julius Jungmann and others. J. Fettretch, for appellants. C. H. Collins, for respondent.

PER CURIAM. Judgment modified,˙ by reducing the same as entered to the sum of $1,-559.16, and, as so modified, affirmed, without costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.

GOTTSCHALK, Respondent, v. JUNGMANN et al., Appellants. (Supreme Court, Appellate Division, First Department. February 5, 1904.) Action by Louise Gottschalk against Julius Jungmann and others. J. Fettretch, for appellants. C. H. Collins, for respondent.

PER CURIAM. Judgment modified, by reducing the same as entered to the sum of $2,-143.71, and, as so modified, affirmed, without costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.

GRAY et al. v. YORK STATE TELEPHONE CO. et al. (Supreme Court, Appellate Division, Third Department. March 2, 1904.) Action by William A. Gray and others against the York State Telephone Company and another for an injunction restraining defendants from erecting telephone poles and wires on a highway adjoining the plaintiffs' land. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

PER CURIAM. Judgment affirmed, on opinion in Richard A. Gray et al. v. Same De-